UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL OMAR RAMOS ZAVALA,

      Petitioner,

v.                          Case No.  2:26-cv-1128-JES-DNF

ACTING SECRETARY, U.S. DHS
DIRECTOR, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Miguel Omar Ramos Zavala's petition for writ of habeas corpus (Doc. 1) and the government's response (Doc. 8).  For the reasons below, the Court grants the petition to the extent set forth in this Order.

### I.   Background

Romas Zavala is a 34-year-old native and citizen of Mexico who entered the United States in 2024 by crossing the Arizona border.  (Doc. 1-2 at 4).  He was not immediately apprehended at the border.  (Id.)  However, on April 28, 2024, Petitioner encountered Customs and Border Patrol agents who served him with a notice to appear and released on an order of recognizance.  (Doc. 8 at 2).  Romas Zavala has a pending application for asylum. (Doc. 1-2 at 4-5).  He is engaged to a United States citizen who intends to file an I-130 petition for alien relative after they marry.

(Doc. 1-2 at 5).  Petitioner's only criminal history is his arrest for driving without a license.  (Id. at 6).

On January 21, 2026, deputies of the Desoto County Sheriff's Office arrested Petitioner for driving without a license.  (Doc. 8 at 2).  Two days later, Immigration and Customs Enforcement (ICE) officers arrested Petitioner and detained him at the Florida Soft Side South Detention Facility.  (Id.)  Petitioner requested, but was denied, a bond hearing before an immigration judge.  (Id. at 2-3).  Petitioner is currently detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) at the Arizona Removal Operations Coordination Center.  (Id.)

Petitioner argues, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  (Doc. 1-2 at 28).

## II.  Discussion

The core dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Romas Zavala.  The distinction matters because § 1225(b)(2) mandates detention throughout removal proceedings, whereas noncitizens detained under § 1226(a) have the right to a bond hearing before an immigration judge.

Section 1225(b)(1) establishes the procedures for expedited removal.  It allows immigration officers to remove noncitizens "without further hearing or review."  8 U.S.C. § 1225(b)(1)(A)(i).

2

As expedited removal affords substantially fewer protections to the noncitizen's rights, the INA limits its applicability in two ways.  First, noncitizens may be eligible for expedited removal "only if they are inadmissible on the basis that they either lack proper entry documents or falsified or misrepresented their application for admission."  Coalition for Humane Immigrant Rights v. Noem, 805 F. Supp. 3d 48,61 (D.D.C. 2025) (citing 8 U.S.C. §§ 1225(b)(1)(A)(i) and 1182(a)(6)(C), (a)(7)).  And "[a]mong that set, only two categories of noncitizens are eligible for expedited removal:  (1) noncitizens 'arriving in the United States,' and (2) noncitizens who 'ha[ve] not been admitted or paroled into the United States' and cannot affirmatively show that they have been 'physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility.'"  Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)).

Section 1226 of the INA also "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  But § 1226 provides additional safeguards, including the right to an individualized bond hearing.  Id. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.")(citing 8 C.F.R. §§

3

236.1(d)(1), 1236.1(d)(1)).  Noncitizens already in the country are treated differently than those seeking entry.  As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality.  In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"  Leng May Ma v. Barber, 357 U.S. 185, 187 (1958) (quoting Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953)); see also Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").  And until recently, DHS has treated aliens—such as Romas Zavala—already present in the country as detained under § 1226 and entitled to bond hearings.[1]

---

[1] The Government's recent about-face toward mass mandatory detention under § 1225 was blessed by the Board of Immigration Appeals ("BIA") in In re Yajure Hurtado, 29 I.& N. Dec. 216, 229 (B.I.A. 2025).  But the Court owes no deference to the BIA's statutory interpretations.  In 2024, the Supreme Court concluded that "agencies have no special competence in resolving statutory ambiguities. Courts do."  Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024).  And "[c]ourts interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences."  Id. at 403.

Respondents argue that, despite having resided in the United States for two years, Romas Zavala is properly detained under section 1225(b).[2]  Indeed, the Court recognizes that in Buenrostro-Mendez v. Bondi, et al., 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026), the Fifth Circuit and Eighth Circuits concluded that most noncitizens apprehended anywhere in the United States are never eligible for release on bond, no matter how long they have resided inside the United States.  This is contrary, however, to the conclusions reached by Second Circuit in Barbosa Da Cunha v. Freden, No. 25-3141-pr (6th Cir. Apr. 28, 2026) and the overwhelming majority of district court judges to have considered the issue.  See also Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir 2005) (concluding that the government was unlikely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)).  This Court respectfully disagrees with the Fifth

---

[2] In this case and in Patel v. Hardin, No. 2:25-cv-870-JES-NPM (M.D. Fla. Dec. 1, 2025), Respondents argued that the Court lacks jurisdiction to consider this petition and that the petitioner has not properly exhausted his administrative remedies. The Court rejected those arguments in Patel and in scores of other recent cases presenting the same issues.  See, e.g., Cetino v. Hardin, No. 2:25-cv-1037-JES-DNF (M.D. Fla. Dec. 12, 2025); Reyes Rodriguez v. Florida Southside Facility, No. 2:25-cv-1012-JES-DNF (M.D. Fla. Dec. 15, 2025).  In those cases, the Court was satisfied of its jurisdiction and determined that exhaustion was excused because it would be futile.  The Court's reasoning on these issues also applies here.

and Eighth Circuits' analyses and finds those in <u>Barbosa Da Cunha</u>, <u>Castanon-Nava</u> and the dissents in <u>Buenrostro-Mendez</u> and <u>Avila</u> to be more persuasive on the statutory interpretation issue.  In any event, neither <u>Buenrostro-Mendez</u> nor <u>Avila</u> are binding precedent in this Court.

Thus, the Court rejects the government's argument that Romas Zavala is subject to expedited removal and concludes that Respondents' authority to detain him stems from section 1226(a). As a noncitizen detained under section 1226(a), Romas Zavala has a right to a bond hearing.

The Court will thus order Respondents to either release Romas Zavala or bring him before an immigration judge within ten days for a merit-based § 1226 bond hearing where the government will have the burden of showing that Romas Zavala is a flight risk or danger to the community.  To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in <u>In re Guerra</u>, 24 I. & N. Dec. 37 (BIA 2006).  Romas Zavala's counsel must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

6

The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings.  In other cases, Respondents have claimed they cannot direct the EOIR when to conduct a bond hearing.  Regardless, subjecting Romas Zavala to mandatory detention under § 1225(b)(1) is unlawful.  If Respondents are unable to ensure that Romas Zavala timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

Accordingly, it is **ORDERED**:

1.   Miguel Omar Ramos Zavala's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2.   Within **TEN (10) DAYS** Respondents shall either provide Romas Zavala with the statutory process required under § 1226— which includes a merit-based bond hearing—or release him under reasonable conditions of supervision.[3]

---

[3] In recent cases in the Middle District of Florida—and despite being ordered to do so—the immigration judge has refused to provide a merit-based bond hearing, determining that under Hurtado, he had no discretion to issue a bond.  See, e.g., Fernandez Alvarez v. Noem, et al., No. 2:26-cv-313-SPC-DNF (M.D. Fla. Mar. 4, 2026); Nahadian Fard v. Bondi, et al., No. 6:26-cv-157-GAP-RMN, Doc. 23 (M.D. Fla. Feb. 12, 2026).  If the immigration judge in this case reaches the same conclusion or otherwise declines to consider bond, Petitioner must be released.

3.   If Respondents release Romas Zavala, they shall facilitate his transportation from the detention facility by notifying his counsel of when and where he may be collected.

4.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE